Joni WYNNE, Plaintiff,

v.

P.C. GREENVILLE LIMITED PARTNERSHIP, PCG, INC., John H. Barrett, individually and in his capacity as an Officer and Director of PCG, Inc., and Jeannie Northcutt, individually and in her capacity as an agent of PCG, Inc., Defendants.

No. 4:97–CV–89–BO(3).

United States District Court, E.D. North Carolina, Eastern Division.

March 30, 1998.

Sherrod Banks, The Banks Law Firm, Durham, NC, Erika L. Johnson, The Banks Law Firm, Raleigh, NC, for plaintiff.

Charles A. Edwards, Womble, Carlyle, Sandridge & Rice, Raleigh, NC, Leslie S. Robinson, James, Hite, Avery, Clark & Robinson, Greenville, NC, for defendants.

## ORDER

TERRENCE WILLIAM BOYLE, Chief Judge.

This matter is before the Court on defendants' Motion for Attorneys' Fees pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927, defendants' Application for Costs pursuant to Rule 54 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1920, and Local Rule 28.00, E.D.N.C., and defendants' Motion for Bond for Costs pursuant to Rule 7 of the Federal Rules of Appellate Procedure. Upon consideration of the parties' arguments, and for the reasons discussed below, defendants' Motion for Attorneys' Fees and Costs is denied. Defendants' Application for Costs is denied. Defendants' Motion for Bond for Costs pending plaintiff's appeal is moot.

## BACKGROUND

Plaintiff, a white female, was employed by defendant P.C. Greenville Limited Partnership as a property manager at Players Club Apartments from June, 1995 to January, 1996. Plaintiff commenced an action against defendants alleging violations of the federal Fair Housing Act (42 U.S.C. §§ 3601 *et seq.*) and 1866 Civil Rights Act (42 U.S.C. §§ 1981 and 1982), as well as intentional infliction of emotional distress, wrongful discharge in violation of public policy, and violation of the North Carolina Wage and Hour Act, N.C.Gen.Stat. § 95–25.1. Her claims arose out of allegations that she was terminated for refusing to discriminate against black applicants as instructed by defendants.

Defendants filed a timely Answer containing various state law counterclaims, including breach of fiduciary duty, conversion, fraud, slander, slander per se and breach of contract. Defendants also served plaintiff with a letter and draft Rule 11 motion. The letter discussed a prior Release agreement signed by plaintiff that discharged defendants from any further claims or liability arising out of plaintiff's employment. It also questioned the factual and legal basis of plaintiff's claims and suggested that plaintiff withdraw her Complaint and voluntarily dismiss the case with prejudice.

After plaintiff refused to withdraw her complaint, defendants moved for summary judgment. On December 12, 1997, this Court granted defendants' summary judgment motion based on the Release and dismissed plaintiff's claims. Due to several defects in plaintiff's motion to dismiss, this Court did not dispose of defendants' counterclaims. Accordingly, the counterclaims remain pending before the Court.

On December 24, 1997, defendants filed an application for costs followed by a motion for attorneys' fees as a Rule 11 sanction on January 5, 1998. On January 7, plaintiff filed a Notice of Appeal. Defendants filed a Motion for Bond for Costs pending plaintiff's Appeal on January 12. This Court issued an Order on January 15, 1998 clarifying the status of this action and explaining that the Order granting defendant's motion for summary judgment was interlocutory, not appealable, and that defendants' counterclaims remained pending before the Court. Subsequent to this Order, plaintiff voluntarily dis-

missed her appeal without prejudice pending final resolution of defendants' counterclaims.

## DISCUSSION

### 1. Motion for Attorneys' Fees

 Defendants seek to recover reasonable attorneys' fees under Rule 11(c)(2) and 28 U.S.C. § 1927 attributable to plaintiff's "unreasonable and vexatious litigatory behavior as defined in 28 U.S.C. § 1927." Defs. Motion at 2 ¶ 7. In order to impose Rule 11 sanctions on a party, the Court must find that the action was commenced or legal position assumed for an improper purpose such as to harass or cause unnecessary delay, see Fed.R.Civ.P. 11(b)(1), or that the claims, defenses or legal contentions were not well-grounded in law or fact, see Fed.R.Civ.P. 11(b)(2), (b)(3); see also In re Kunstler, 914 F.2d 505, 514–18 (4th Cir.1990). An attorney has an affirmative obligation to investigate the facts supporting a client's representations prior to filing suit; failure to reasonably do so subjects the attorney to sanctions. Blue v. United States Dep't of the Army, 914 F.2d 525, 542 (4th Cir.1990).

 This Court concludes that plaintiff's action was not brought for an improper purpose.[1] Plaintiff sought to vindicate her rights under federal and state law, not to delay, harass or increase the cost of litigation.

Plaintiff's counsel also made a reasonable inquiry into the facts prior to proceeding with the action. Plaintiff's counsel Sherrod Banks and Erika L. Johnson, of The Banks Law Firm, P.A. claim, and defendants do not dispute, that counsel interviewed plaintiff extensively about her claims. Counsel also claim to have interviewed and obtained signed affidavits from at least eight other individuals corroborating plaintiff's account of the alleged discrimination and the circumstances surrounding plaintiff's termination. Finally, counsel reviewed plaintiff's medical records regarding plaintiff's history of emotional distress. Such efforts revealed to counsel the existence of a reasonable factual basis for pursuing this action.

Lastly, plaintiff's position was not wholly without legal support. In determining whether an attorney's conduct violates Rule 11(b)(2), a court must apply an "objective reasonableness" standard. Cabell v. Petty, 810 F.2d 463, 466 (4th Cir.1987). This inquiry asks "whether a reasonable attorney in like circumstances could believe his actions to be ... legally justified." Id.

Plaintiff's action turned on whether the Release was valid and sufficiently broad to bar her federal and state law claims. Plaintiff's position was that the Release was invalid due to duress or undue influence or otherwise void as against public policy. Although this Court ultimately upheld the Release Agreement, granting summary judgment for defendants on this basis, plaintiff's position was not wholly without legal support. See Link v. Link, 278 N.C. 181, 179 S.E.2d 697, 704–705 (N.C.1971). Because a reasonable attorney may have concluded that the position was legally justified, Rule 11 sanctions are inappropriate. Accordingly, defendants' motion for attorneys' fees and costs is denied.

### 2. Application for Costs

 Defendants also filed an application for costs pursuant to Rule 54(a) of the Federal Rules of Civil Procedure. Costs are recoverable by a prevailing party upon entry of a final judgment, decree or order. See Fed. R.Civ.P. 54(d). There has been no final judgment rendered in this action. This Court issued an interlocutory order disposing only of plaintiff's claims, not defendants' counterclaims. The interlocutory order was not expressly certified under Rule 54(b) nor did it fall within one of the narrow exceptions to the prohibition against piecemeal appeals contained in 28 U.S.C. § 1292. Without an appealable final judgment, defendants may not recover costs. Defendants' Application for Costs, prematurely filed and not ripe for adjudication, is denied.

### 3. Motion for Bond for Costs

Finally, defendants urge this Court to require plaintiff to post a bond for costs in this

---

1. Finding no improper purpose under Rule 11(b)(1) precludes recovery by defendants under

28 U.S.C. § 1927 for "multipl[ying] the proceedings in any case unreasonably and vexatiously."

action pending her appeal. Because plaintiff voluntarily dismissed her appeal without prejudice, defendants' motion for bond for costs is moot.

SO ORDERED.